## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DOCTOR'S ASSOCIATES INC.,      :
         :    Case No.:
     Plaintiff,         :
         :
v.                    :
         :
         :
JASON ZUCHOWSKI and      :
CHARLES ZUCHOWSKI,      :
         :
     Defendant.        :    May 27, 2010

## PETITION TO COMPEL ARBITRATION

1.     This is an action to compel arbitration pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4.

2.     Plaintiff Doctor's Associates Inc. ("DAI"), the franchisor of Subway® sandwich shops in the United States, is a Florida corporation with a principal place of business in Plantation, Florida. Until July 1991, DAI was a Connecticut corporation with its principal place of business in Milford, Connecticut, and it still maintains offices in Milford.

3.     Upon information and belief, defendants Jason Zuchowski ("JZ") and Charles Zuchowski ("CZ") are residents and citizens of Ohio. Upon further information and belief, CZ is JZ's father.

4.     This Court has diversity jurisdiction under 28 U.S.C. § 1332, because this is an action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.      Venue is proper under 28 U.S.C. § 1391(a)(3) because this Court has personal jurisdiction over defendant and, under 9 U.S.C. § 4, this is the only court that can compel arbitration in Connecticut.

6.      On or about August 1, 2007, DAI and defendant JZ and non-defendants Ghazi Faddoul and Joseph Faddoul executed a written franchise agreement (the "Agreement"), permitting JZ, Ghazi Faddoul and Joseph Faddoul to operate a Subway® store in a specified location. *See* Agreement, attached hereto as Exhibit A.

7.      In addition to being a franchisee, Ghazi Faddoul ("DA Faddoul") is also a Subway® Development Agent ("DA").  Subway® DAs act as DAI's primary representatives in the field in the DA's contractual territory.  Among other things, they assist franchisees in selecting sites for Subway® stores, assist franchisees in negotiating real estate leases, provide ongoing operational assistance, and conduct monthly store inspections.

8.      The Agreement, like all Subway® franchise agreements, contains a dispute resolution clause requiring the parties to arbitrate any dispute or claim arising out of or relating to the Agreement.  Exhibit A, ¶ 10.a. and 10.b.  The arbitration must be in accordance with the Commercial Rules of the American Arbitration Association and is to take place in Bridgeport, Connecticut. *Id.*

9.      The Agreement, like all Subway® franchise agreements, specifically incorporates the provisions of DAI's Operations Manual.  Exhibit A, ¶ 5.b.(ii) ("The Operations Manual, as amended from time to time, is intended to further the purposes of this Agreement and is specifically incorporated into this Agreement").  The Operations Manual contains detailed provisions governing the terms and conditions under which existing franchisees may apply for and obtain additional franchise agreements and sets forth detailed procedures for resolving

2

disputes between franchisees over particular locations for new stores.  The relevant sections of the Operations Manual are attached hereto as Exhibit B.

10.     On or about April 29, 2010, JZ, along with his father, CZ, sued DAI and DA Faddoul in the Court of Common Pleas of Cuyahoga County, Ohio (the "Ohio Lawsuit"), alleging, among other things, that DAI is vicariously liable for all of the alleged representations made by DA Faddoul about the development of Subway® restaurants throughout the country. *See* Complaint, attached hereto as Exhibit C.  Essentially, JZ and CZ claim that they are entitled to be the franchisees, and have ownership interests in, additional Subway® franchises.  JZ's business relationship with DAI arises from the Agreement, and that Agreement also addresses his right (or lack thereof) to develop additional Subway® stores.  Those claims clearly fall within the broad scope of the Agreement's arbitration clause.

11.     To the extent that CZ claims an ownership interest in any Subway® franchises (which DAI vigorously denies) he, like JZ and all other Subway® franchisees, would also be bound by the obligation to arbitrate his claims.  Under the principles of equitable estoppel and otherwise, a party cannot claim the benefits of ownership in a franchise or base claims against a franchisor relating to or arising out of a franchise relationship and avoid an arbitration provision or other obligations that would bind an actual franchisee.[1]

---

[1] *See, e.g. Denney v. BDO Seidman, LLP*, 412 F.3d 58, 71 (2d Cir. 2005) (listing circumstances, including estoppel, under which non-signatory claimants may be bound by arbitration agreements); *World Omni Fin. Corp. v. Ace Capital Re Inc.*, 64 Fed. Appx. 809, 812-13 (2d Cir. 2003) (holding that a non-signatory "is estopped from denying its obligation to arbitrate when it seeks to receive a 'direct benefit' from the contract"); *International Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 418 (4th Cir. 2000) ("To allow [a litigant] to claim the benefit of the contract and simultaneously avoid its burdens would both disregard equity and contravene the purposes underlying enactment of the Arbitration Act.") (citations and internal quotations omitted); *Hughes Masonry Co. v. Greater Clark County Sch. Bldg. Corp.*, 659 F.2d 836, 839 (7th Cir. 1981) ("In short, [a party] cannot have it both ways.  (It) cannot rely on the contract when it works to its advantage and repudiate it when it works to (its) disadvantage . . . .

12.     By suing DAI in Ohio, JZ and CZ have wrongfully failed, neglected and/or refused to arbitrate.  JZ and CZ have also named parties as defendants in the Ohio Lawsuit that they are prohibited from naming.  Under these circumstances, they are responsible for paying all of DAI's costs and fees, including attorney's fees.  *See* Exhibit A, ¶ 10.d. ("If you name [DAI agents or representatives] in any arbitration or litigation proceeding . . . you will reimburse us for reasonable costs incurred, including but not limited to, arbitration fees, court costs, lawyers' fees, management preparation time, witness fees, and travel expenses incurred by us or the party") and ¶ 10.h. ("If a party . . . commences action in any court, except to compel arbitration . . . prior to an arbitrator's final decision . . . , then that party is in default of this Agreement. . . .   The defaulting party will be responsible for all expenses incurred by the other party, or the improperly named persons or entities, including lawyers' fees, and will be liable for abuse of process").  These provisions are in all current Subway® franchise agreements.

Accordingly, DAI requests that this Court enter an order pursuant to 9 U.S.C. § 4 directing JZ and CZ to arbitrate their claims against DAI in the manner provided by the Agreement and that they pay DAI's costs and attorney's fees incurred in connection with compelling arbitration.  DAI further requests that the Court enjoin JZ and CZ and any other persons who receive actual notice of the injunction by personal service or otherwise who are in

---

To allow [a litigant] to claim the benefit of the contract and simultaneously avoid its burdens would both disregard equity and contravene the purposes underlying enactment of the Arbitration Act.") (citations and internal quotations omitted); *In re Oil Spill by "Amoco Cadiz" Off Coast of France March 16, 1978 v. Reederei*, 659 F.2d 789, 796 (7th Cir. 1981) ("It would advance neither judicial economy nor the purposes of the federal arbitration act to permit [a party] to assert in a judicial forum claims ground[ed] upon its alleged relationship [with the other party] and to allow it to disavow the relationship for purposes of arbitration."); *Southern Illinois Beverage, Inc. v. Hansen Beverage Co.*, No. 07-CV-391-DRH, 2007 WL 3046273, **10-13 (S.D. Ill. Oct. 15, 2007) (party claiming to be a "franchisee" for purposes of state franchise law is estopped claiming that it is not required to arbitrate dispute where actual franchise agreement contains arbitration provision).

active concert of participation with them, from pursuing any litigation related to the arbitrable claims, including but not limited to the claims against DAI or its affiliates, representatives, and agents in the Ohio Lawsuit.

PLAINTIFF
DOCTOR'S ASSOCIATES INC.

By: _____

Bethany L. Appleby (ct18418)
WIGGIN AND DANA LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4400
(203) 782-2889 fax
bappleby@wiggin.com

*Its Attorney*